IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03361-BNB

JAMES A. CHILDS,

    Applicant,

v.

COLORADO STATE BOARD OF ADULT PAROLE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, James A. Childs, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.  Mr. Childs filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court must construe the application liberally because Mr. Childs is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  ***See Hall***, 935 F.2d at 1110.  For the reasons stated below, Mr. Childs will be ordered to file an amended application.

    In the § 2254 application, Mr. Childs asserts three claims for relief, i.e., that he has been deprived of (1) his due process rights to fundamental fairness, (2) equal protection of the law, and (3) good-time credits and conditional liberty interests.  It is unclear whether Mr. Childs is challenging the validity of his state court conviction and

sentence, the execution of his sentence, or the conditions of his confinement. Mr. Childs is advised that § 2254 is used to challenge the validity of a state court conviction and/or sentence, and 28 U.S.C. § 2241 is available to challenge the execution of his sentence. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). "The essence of habeas corpus is an attack by the person in custody upon the legality of that custody, and . . . . the traditional function of the writ is to secure release from illegal custody." **Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991). If Mr. Childs wishes to pursue habeas corpus claims challenging the execution of his sentence, he may do so by filing a new and separate action using the Court's § 2241 habeas corpus application form. Similarly, if Mr. Childs wishes to pursue claims challenging the conditions of his confinement, he may do so by filing a new and separate action using the Court's 42 U.S.C. § 1983 form.

     Therefore, Mr. Childs will be ordered to file an amended application on the proper form, and assert only § 2254 habeas corpus claims, if he wishes to pursue his claims in this action. Mr. Childs also is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Childs must "specify all [available] grounds for relief," and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil

actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable under § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The amended application Mr. Childs files must comply with Rule 8 of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Finally, the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995).  Therefore, Colorado State Board of Adult Parole is not a proper party to this action.  Accordingly, it is

ORDERED that Applicant, James A. Childs, file **within thirty (30) days from the date of this order** an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with this order.  It is

FURTHER ORDERED that Mr. Childs shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Childs fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without prejudice and without further notice.

DATED January 10, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge