IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03361-BNB

JAMES A. CHILDS,

      Applicant,

v.

TOM CLEMENTS, Executive Director, DOC, et al., and
JOHN SUTHERS, Colorado Attorney General,

      Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

     Applicant, James A. Childs, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.  Mr. Childs filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     On January 10, 2012, the Court ordered Mr. Childs to file an amended application on the Court-approved § 2254 form that only asserted § 2254 habeas corpus claims, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and sued the proper Respondent, i.e., his custodian.  The January 10 order explained to Mr. Childs the difference between a § 2254 action and actions initiated pursuant to 28 U.S.C. § 2241 and 42 U.S.C. § 1983.  On January 20, 2012, Mr. Childs submitted an amended § 2254 application.

     The Court must construe the amended application liberally because Mr. Childs is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Childs will be ordered to file a second amended application.

In the amended § 2254 application, Mr. Childs contends he is serving a thirty-two year sentence in the DOC.  He appears to assert two claims for relief.  As his first claim, Mr. Childs asserts that the Colorado Parole Board violated his due process rights by denying, for three years, his eligibility for parole consideration and conditional release on parole.  As his second claim, he asserts that the Colorado Parole Board violated his equal protection rights by treating him differently than similarly situated inmates.  He specifically complains that (1) he is being required to submit to three years of sex offender treatment in exchange for his conditional supervised release on parole, (2) the treatment is not included in a sixteen-year sentence he already served in full, and (3) the parole board has declined, for three years, to consider him eligible for conditional supervised release on his governing thirty-two year sentence.

These arguments are relevant to a § 2241 application, not a § 2254 application.  As the Court previously explained in the January 10 order for an amended application, § 2254 is used to challenge the validity of a state court conviction and/or sentence, and § 2241 is available to challenge the execution of his sentence.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  Therefore, because Mr. Childs is asserting § 2241 claims, the Court will direct him to file a second amended application on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Mr. Childs shall obtain the Court-approved § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions,

2

at www.cod.uscourts.gov.

Mr. Childs must clarify his two asserted § 2241 claims.  If he disagrees with the Court's characterization of his claims, he must let the Court know when he files his second amended application.  The second amended application he files must comply with Rule 8 of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Finally, the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Rule 1(b) of the Section 2254 Rules applies the rules to § 2241 habeas corpus actions.

Accordingly, it is

ORDERED that Applicant, James A. Childs, shall file **within thirty (30) days from the date of this order** a second amended Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 that complies with this order.  It is

FURTHER ORDERED that Mr. Childs shall obtain the Court-approved

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the

assistance of his case manager or the facility's legal assistant), along with the

applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Childs fails within the time allowed to file a

second amended application as directed, the amended application will be denied and

the action will be dismissed without prejudice and without further notice.

DATED February 10, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge