IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03361-BNB

JAMES A. CHILDS,

    Applicant,

v.

TOM CLEMENTS, Executive Director, DOC, et al., and
JOHN SUTHERS, Colorado Attorney General,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE
THIRD AND FINAL AMENDED APPLICATION

---

    Applicant, James A. Childs, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Childs filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1).

    On January 10, 2012, the Court ordered (ECF No. 6) Mr. Childs to file an amended application on the Court-approved § 2254 form that asserted only § 2254 habeas corpus claims; complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; and sued the proper Respondent, i.e., his custodian. The January 10 order explained to Mr. Childs the difference between a § 2254 action and actions initiated pursuant to 28 U.S.C. § 2241 and 42 U.S.C. § 1983. On January 20, 2012, Mr. Childs submitted an amended § 2254 application (ECF No. 7).

    On February 10, 2012, the Court ordered (ECF No. 8) Mr. Childs to submit within

thirty days a second amended application. The Court informed Mr. Childs that his two asserted claims were appropriate for a § 2241 application, not a § 2254 application and reiterated what it previously had explained to Mr. Childs in the January 10 order. The Court directed Mr. Childs to submit the second amended application on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, available (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

Finally, in the February 20 order, the Court directed Mr. Childs to clarify his two asserted § 2241 claims, inform the Court when he filed the second amended application if he disagreed with the Court's characterization of his claims, and informed him that the second amended application must comply with Rule 8 of the Federal Rules of Civil Procedure. Lastly, the Court reminded Mr. Childs that the only proper respondent to a habeas corpus action is his custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Rule 1(b) of the Section 2254 Rules applies the rules to § 2241 habeas corpus actions.

On February 21, 2012, Mr. Childs filed a second amended application on the Court-approved form appropriate for a § 2254 action. The Court must construe the second amended application liberally because Mr. Childs is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Childs will be ordered to file a third and final amended application.

In the second amended application, Mr. Childs asserts one claim that is appropriate in a § 2241 action because it challenges the computation of his sentence. Specifically, Mr. Childs asserts that in 2009 he applied for mandatory parole and immediate release based on his good-time credits, and the Colorado State Board of Adult Parole denied the application at his initial and subsequent parole hearings. Mr. Childs maintains that the parole board's refusal to apply his good-time credits towards his sentence violated his due process rights by denying him early release. He also disagrees with the Court's characterization of his asserted claims as § 2241 claims.

Mr. Childs' claim in the second amended application challenges the execution of his sentence and appropriately is asserted in a § 2241 application. But Mr. Child's persists in submitting his claims on the Court-approved § 2254 form. The information provided on the § 2254 form used to submit his second amended application applies to his underlying conviction. However, Mr. Child's asserted claim attacking the computation of his sentence needs to be asserted on the § 2241 form because that form is designed to assist the Court with claims challenging the computation of an inmate's sentence. In addition, Mr. Childs should name his custodian, i.e., his warden, as Respondent in the line provided on the caption to the § 2241 form.

Moreover, Mr. Childs already initiated a § 2254 action which was dismissed as untimely, without merit, and with prejudice by this Court. *See Childs v. Zavaras*, No. 98-cv-02148-WDM (D. Colo. July 20, 1999), *appeal dismissed*, No. 99-1367 (10th Cir. Feb. 23, 2000), *cert. denied*, No. 00-5461 (Feb. 20, 2001). Therefore, any subsequent § 2254 action he initiates is a second or successive application, and he must obtain authorization from the United States Court of Appeals for the Tenth Circuit for this Court

to consider the subsequent application.  See ECF No. 9 at 12, ¶ 3.

Mr. Childs will be afforded one final opportunity to file a habeas corpus application on the proper § 2241 form.  If Mr. Childs fails to utilize the appropriate form for a §2241 action and, instead, persists in using the § 2254 form to assert his § 2241 claim, the Court will deny the application and dismiss this action.

Accordingly, it is

ORDERED that Applicant, James A. Childs, file **within thirty (30) days from the date of this order** a third and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with this order.  It is

FURTHER ORDERED that Mr. Childs shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that if Mr. Childs fails within the time allowed to file a third and final amended application as directed, the second amended application will be denied and the action will be dismissed without prejudice and without further notice.

DATED February 29, 2012, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge