**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

JAMES ARLEN CHILDS,

    Movant.

No. 12-1116
(D.C. No. 1:11-CV-03361-BNB)
(D. Colo.)

---

**ORDER**

---

Before **LUCERO**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

---

    James Arlen Childs, a Colorado prisoner proceeding pro se, moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application. He also has filed a supplement to his motion for authorization. We deny the motion and supplement as unnecessary.

    This matter involves a proceeding that is pending in the district court. Mr. Childs wishes to challenge a denial of parole and a denial of immediate release in light of his good-time credits. He commenced his challenge by filing an application using the district court's standard form for a § 2254 habeas proceeding. The district court ordered him to use the § 2254 form only for § 2254 claims. Mr. Childs then filed an amended § 2254 application. Determining that the claims were appropriate for consideration under 28 U.S.C. § 2241, rather than

§ 2254, the court directed Mr. Childs to submit a second amended application using the court's standard form for a § 2241 habeas action.

On February 21, 2012, Mr. Childs filed a second amended habeas application, again using a § 2254 form.  In an order dated February 29, 2012, the district court held that his claim "challenges the execution of his sentence and appropriately is asserted in a § 2241 application." *Childs v. Clements*, No. 11-cv-03361-BNB, slip op. at 3 (D. Colo. Feb. 29, 2012) (unpublished order). It ordered Mr. Childs to file a third amended application "on the proper § 2241 form.  If Mr. Childs fails to utilize the appropriate form for a § 2241 action and, instead, persists in using the § 2254 form to assert his § 2241 claim, the Court will deny the application and dismiss this action." *Id.* at 4.  The court also noted that Mr. Childs had already pursued relief from his conviction under § 2254, and that "any subsequent § 2254 action he initiates is a second or successive application, and he must obtain authorization from the United States Court of Appeals for the Tenth Circuit." *Id.* at 3.  In response to the district court's order, Mr. Childs has filed in this court his motion for authorization and supplement, requesting that this court authorize the district court to consider his second amended habeas application.

Mr. Childs, however, does not need this court's authorization to pursue his claims regarding denial of parole and good-time credits.  Notwithstanding Mr. Childs' desire to proceed under § 2254, the district court appropriately

identified these claims as sounding in § 2241.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)); *see also Warnick v. Booher*, 425 F.3d 842, 844, 846 (10th Cir. 2005) (good-time credits); *Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001) (parole); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam) (good-time credits).  There is no indication that these are second or successive § 2241 claims, and even if they were, Mr. Childs would not be required to obtain this court's authorization before pursuing them in district court.  *See Stanko v. Davis*, 617 F.3d 1262, 1264, 1269 & n.5 (10th Cir. 2010), *cert. dismissed*, 131 S. Ct. 973 (2011).

      The motion for authorization and supplement are DENIED AS UNNECESSARY.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

      Entered for the Court

      *Elisabeth A. Shumaker*

      ELISABETH A. SHUMAKER, Clerk