IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03361-BNB

JAMES A. CHILDS,

     Applicant,

v.

TOM CLEMENTS, Executive Director, DOC, et al., and
JOHN SUTHERS, Colorado Attorney General,

     Respondents.

---

ORDER OF DISMISSAL

---

     Applicant, James A. Childs, is a prisoner in the custody of the Colorado Department of Corrections who currently incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.  Mr. Childs filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1).  ECF No. 1  is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).  The Court will use this convention throughout this order.

     On January 10, 2012, Magistrate Judge Boyd N. Boland ordered (ECF No. 6) Mr. Childs to file an amended application on the Court-approved § 2254 form that only asserted § 2254 habeas corpus claims, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and sued the proper Respondent, i.e., his custodian.  The January 10 order explained to Mr. Childs the difference between a § 2254 action, and actions initiated pursuant to 28 U.S.C. § 2241 and 42 U.S.C. § 1983.

On January 20, 2012, Mr. Childs submitted an amended § 2254 application (ECF No. 7).

On February 10, 2012, Magistrate Judge Boland ordered (ECF No. 8) Mr. Childs to submit within thirty days a second amended application. Magistrate Judge Boland informed Mr. Childs that his two asserted claims were appropriate for a § 2241 application, not a § 2254 application. Magistrate Judge Boland then reiterated what he previously had explained to Mr. Childs in the January 10 order for an amended application, i.e., that § 2254 is used to challenge the validity of a state court conviction and/or sentence, and § 2241 is available to challenge the execution of his sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Magistrate Judge Boland directed Mr. Childs to submit the second amended application on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, available (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

Finally, in the February 20 order, Magistrate Judge Boland directed Mr. Childs to clarify his two asserted § 2241 claims, inform the Court when he filed the second amended application if he disagreed with the Court's characterization of his claims, and informed him the second amended application must comply with Fed. R. Civ. P. 8. Lastly, Magistrate Judge Boland reminded Mr. Childs that the only proper respondent to a habeas corpus action is his custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Rule 1(b) of the Section 2254 Rules applies the rules to § 2241 habeas corpus actions.

2

On February 21, 2012, Mr. Childs filed a second amended application on the Court-approved form appropriate for a § 2254 action.  In the second amended application, Mr. Childs asserted one claim that is appropriate in a § 2241 action because it challenges the computation of his sentence.  Specifically, Mr. Childs asserted that in 2009 he applied for mandatory parole and immediate release based on his good-time credits, and the Colorado State Board of Adult Parole denied the application at his initial and subsequent parole hearings.  Mr. Childs maintained that the parole board's refusal to apply his good-time credits towards his sentence violated his due process rights by denying him early release.  He also disagreed with the Court's characterization of his asserted claims as § 2241 claims.

On February 29, 2012, Magistrate Judge Boland ordered (ECF No. 13) Mr. Childs to submit within thirty days a third and final amended application.  Magistrate Judge Boland informed Mr. Childs that his one asserted claim was appropriate in a § 2241 action because it challenged the computation of his sentence.  Magistrate Judge Boland explained that the information provided on the § 2254 form Mr. Childs persisted in using applied to his underlying conviction, and that because Mr. Childs' asserted claim attacked the computation of his sentence, he needed to assert that claim on the § 2241 form because that form is designed to assist the Court with claims challenging the computation of an inmate's sentence.  In addition, Magistrate Judge Boland reminded Mr. Childs that he should name his custodian, i.e., his warden, as Respondent in the line provided on the caption to the § 2241 form.  Lastly, in the February 29 order Magistrate Judge Boland pointed out that Mr. Childs already had initiated a § 2254 action that was dismissed as untimely, without merit, and with prejudice by this Court.

3

*See Childs v. Zavaras*, No. 98-cv-02148-WDM (D. Colo. July 20, 1999), *appeal dismissed*, No. 99-1367 (10th Cir. Feb. 23, 2000), *cert. denied*, No. 00-5461 (Feb. 20, 2001).  Therefore, any subsequent § 2254 action Mr. Childs initiated is a second or successive application, and he must obtain authorization from the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) for this Court to consider the subsequent application.  See ECF No. 9 at 12, ¶ 3.

On March 30, 2012, the Tenth Circuit informed this Court (ECF No. 14) that Mr. Childs had filed in the Tenth Circuit a motion for permission to file and second or successive § 2254 habeas corpus application and that the Tenth Circuit had docketed the motion as No. 12-1116.  On April 5, 2012, the Tenth Circuit denied Mr. Childs leave to file a second or successive § 2254 application, noting that such authorization was unnecessary because Mr. Childs did not need Tenth Circuit authorization to pursue his claims regarding denial of parole and good-time credits, as such claims appropriately are raised in a § 2241 application.

In any event, Mr. Childs has failed to file a third and final amended § 2241 application in the instant action as directed.  Therefore, the second amended application will be denied, and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Childs files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

4

Accordingly, it is

ORDERED that the second amended application (ECF No. 9) is denied and the

action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for the failure of Applicant, James A. Childs, within the time allowed, to

respond to the order of February 29, 2012, for a third and final amended application,

and for his failure to prosecute.  It is

FURTHER ORDERED that any pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this __10th__ day of ___April_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court